RONALD ABRAMSON (*Pro Hac Vice* pending)
ron.abramson@listonabramson.com
DAVID G. LISTON (*Pro Hac Vice* pending)
david.liston@listonabramson.com
ALEX G. PATCHEN (*Pro Hac Vice* pending)
alex.patchen@listonabramson.com
GINA K. KIM (*Pro Hac Vice* pending)
gina.kim@listonabramson.com
LISTON ABRAMSON LLP
405 Lexington Avenue, 46th Floor
New York, New York 10174
Telephone: (212) 257-1630
Facsimile: (917) 633-5568

ROBERT MULLER (SBN 189651)
bob@cypressllp.com
DANIEL A. CORREN (SBN 260486)
dan@cypressllp.com
CYPRESS LLP
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:    424-901-0123
Facsimile:    424-750-5100

Attorneys for Plaintiff
DILORENZO BIOMEDICAL, LLC

### IN THE UNITED STATES DISTRICT COURT FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILORENZO BIOMEDICAL, LLC, a Washington limited liability company,<br><br>                       Plaintiff,<br><br>    v.<br><br>NEUROPACE, INC., a California corporation,<br><br>                       Defendant. | Case No. 3:25-cv-04866<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff DiLorenzo Biomedical, LLC ("Plaintiff"), for its complaint against Defendant
2  NeuroPace, Inc. ("Defendant" or "NeuroPace"), alleges as follows:

## INTRODUCTION

1. Plaintiff owns numerous patents in the field of neural stimulation, including without limitation closed loop neural sensing and modulation and related control systems for determining treatment parameters and delivering treatment. Plaintiff's pioneering work has been cited in hundreds of other patents later filed by leading medical device companies, including dozens of citations in patents filed by NeuroPace. This Complaint accuses NeuroPace of infringing at least two of Plaintiff's patents with various products in the RNS® System, including at least RNS® Neurostimulator models RNS-300M and RNS-320 (the "Neurostimulator Accused Products"); Cortical Strip Lead models CL-315-10, CL-325-10, and CL-335-10 (the "Cortical Strip Lead Accused Products"); and Depth Lead models DL-330-3.5, DL-330-10, DL-344-3.5, and DL-344-10 (the "Depth Lead Accused Products" and together with the Neurostimulator Accused Products and Cortical Strip Lead Accused Products, the "Accused Products"). As referred to herein, an "Accused System" is the combination of (1) either of the aforementioned Neurostimulator Accused Products and (2) at least one of the Cortical Strip Lead Accused Products and Depth Lead Accused Products. Exhibit C hereto is a NeuroPace RNS® System User Manual that generally reflects how the Accused Systems operate.

## THE PARTIES

2. Plaintiff DiLorenzo Biomedical, LLC is a Washington limited liability company with a business address at P.O. Box 1626, Loma Linda, California 92354-1626.

3. Defendant NeuroPace, Inc. is a Delaware corporation with a place of business at 455 N. Bernardo Ave, Mountain View, California 94043-5237.

## JURISDICTION

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, including acts of patent infringement

within this District giving rise to the claims asserted herein.

6. Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant is registered to do business in the State of California. Defendant offers for sale and sells the Accused Systems in this District. On information and belief, Defendant has a force of at least 100 employees in California, the majority of which are located in this District. On information and belief, a substantial portion of those employees in this District work on the RNS® System, including the Accused Systems.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has one or more regular and established places of business in this District and has committed acts of infringement in this District by reason, inter alia, of having acted in this District to offer for sale and sell the Accused Systems.

**DIVISIONAL ASSIGNMENT**

8. Pursuant to Local Rule 3-2, subsections (c) and (e), this action should be assigned to the San Jose Division because a substantial part of the events giving rise to the claims set forth herein occurred in Santa Clara County, California.

**PATENTS-IN-SUIT**

9. This action concerns U.S. Patent No. 7,209,787 ("'787 patent") and 9,345,880 ("'880 patent") (together, the "Asserted Patents"), attached hereto as Exhibits A and B respectively and incorporated by reference.

10. The '787 patent was duly and legally issued on April 24, 2007 and expired on December 28, 2019.

11. The '880 patent was duly and legally issued on May 24, 2016 and is set to expire on March 5, 2026.

12. Plaintiff is the record owner of each of the Asserted Patents and owns all rights in each of them, including without limitation all rights to recover for past infringement thereof.

13. Prior to the Asserted Patents, conventional practice for electrical neurostimulation to treat disease required a pre-set stimulus or periodic adjustment or re-programming of the

2
COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

stimulus by means external to the patient. The Asserted Patents represent an advance over such methods by providing a capability to modulate neurostimulation that could be delivered from an implanted device based on conditions monitored internally by implanted sensors. This advance has provided great advantages in fields practiced by NeuroPace.

14. Plaintiff has complied with the marking provisions of 35 U.S.C. § 287(a).

## FIRST CLAIM FOR RELIEF

### (Patent Infringement - Infringement of the '787 Patent)

### By Plaintiff DiLorenzo BioMedical, LLC against Defendant NeuroPace, Inc.

15. Plaintiff repeats and realleges the averments of paragraphs 1–14 above as if fully set forth at length herein.

16. Defendant has directly infringed the '787 patent under 35 U.S.C. § 271(a) by at least making, using, selling, and offering to sell systems in accordance with one or more claims thereof, in the United States, during the term of the '787 patent.

17. For example, with reference to at least claim 1 of the '787 patent, Defendant manufactures, markets, and sells in the U.S. (and continues to do so) neuromodulation products, including without limitation the Accused Systems that apply electrical modulation within the brain. The operation of the Accused Systems is reflected in NeuroPace patents, such as U.S. Patent No. 6,810,285 (the "NeuroPace '285 patent") and 7,966,073 (the "NeuroPace '073 patent"), which NeuroPace has marked on the Accused Systems. Other evidence includes physician and patient manuals, such as Exhibit C, and other documents available at https://neuropace.com/providers/physician-resources/?tab=physician-product-manuals and https://neuropace.com/patients/current-rns-system-patients/#manuals.

18. The Accused Systems share the feature that they each comprise at least one intracranial stimulating electrode, each constructed and arranged to deliver a neural modulation signal to at least one nervous system component, e.g., one or two lead electrodes as shown in Figs. 2 and 20 of Exhibit C, shown below (see also NeuroPace '285 patent at 11:53–57, Fig. 4; NeuroPace '073 patent at 11:65–12:1, Fig. 3):



Figure 2: RNS® Neurostimulator with two NeuroPace leads.



Figure 20: For both the depth lead and cortical strip lead, electrodes are numbered 1 through 4. Electrode 1 is the most distal.

19.     The Accused Systems share the feature that they each comprise at least one sensor, e.g., said lead electrodes in Figs. 2 and 20 of Exhibit C, shown above (see also NeuroPace '285

4
COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

1  patent at 11:53–57, Fig. 4; NeuroPace '073 patent at 11:65–12:1, Fig. 3), each constructed and
2  arranged to sense at least one parameter that comprises at least one of physiologic values and
3  neural signals, including without limitation electrocorticographic (ECoG) signal patterns, which is
4  indicative or predictive of a seizure, e.g., "a sensing front end 512, which performs amplification,
5  analog to digital conversion, and multiplexing functions on the signals in the sensing channels"
6  (NeuroPace '285 patent at 13:43–14:67), Figs. 5–6 (shown below) (see also NeuroPace '073
7  patent at 14:41–53, Fig. 4); the "Digital Processing and Analysis" block in Fig. 3 of Exhibit C,
8  shown below (see also NeuroPace '285 patent at 14:64–15:50, Fig. 7; NeuroPace '073 patent at
9  14:51–15:6, Fig. 4); Exhibit C at 21 (concerning sensing and recording ECoG patterns):



Fig. 5

24  ///
25  ///
26  ///
27  ///
28  ///



Fig. 6



Figure 3: The RNS® Neurostimulator senses and delivers therapy via the implanted patient leads. Communication with the neurostimulator is available using the programmer (and remote monitor).

20. The Accused Systems share the feature that they each comprise a stimulating and recording unit constructed and arranged to generate said neural modulation signal based upon a neural response sensed by said at least one sensor in response to a previously delivered neural modulation signal, *e.g.*, the "Microprocessor" block in Fig. 3 of Exhibit C, shown above (*see also* NeuroPace '285 patent at 12:48–59, Fig. 4; NeuroPace '073 patent at 13:24–35, Fig. 3); a "stimulation subsystem 424[, which] is capable of applying electrical stimulation to neurological tissue through the electrodes 412–418" (NeuroPace '285 patent at 12:28–47; *see also* NeuroPace '285 patent at Fig. 4 (shown below)) and/or a "therapy subsystem 328" (*see* NeuroPace '073 patent at 13:5–15, 17:14–18:45, Figs. 3, 5); Exhibit C at 21 (concerning delivering, sensing, and recording ECoG signals and "responsive electrical stimulation"), 75:



Fig. 4

21. Defendant has committed the above alleged acts of infringement during the term of the '787 patent and during the six-year limitations period prior hereto.

22. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to no less than a reasonable royalty for the use made by Defendant under the '787 patent, in an amount subject to proof at trial, together with interest and costs as fixed by the Court.

**SECOND CLAIM FOR RELIEF**

**(Patent Infringement - Infringement of the '880 Patent)**

**By Plaintiff DiLorenzo BioMedical, LLC against Defendant NeuroPace, Inc.**

23. Plaintiff repeats and realleges the averments of paragraphs 1–22 above as if fully set forth at length herein.

24. Defendant has directly infringed the '880 patent under 35 U.S.C. § 271(a) by at least making, using, selling, and offering to sell systems in accordance with one or more claims thereof, in the United States, during the respective terms thereof.

25. For example, with reference to at least claim 59 of the '880 patent, Defendant manufactures, markets, and sells in the U.S. (and continues to do so) products for neural modulation of the sympathetic nervous system, including without limitation the Accused Systems that apply electrical modulation to the brain to reduce the effect of epileptic seizures.

26. The Accused Systems share the feature that they each comprise a sensor array, e.g., the above-described lead electrodes as shown in Exhibit C, the NeuroPace '285 patent, and the NeuroPace '073 patent.

27. The Accused Systems share the feature that they each incorporate a signal conditioning circuit, in electronic communication with said sensor array, e.g., the above-described sensing front end 512, as shown in the NeuroPace '285 patent and the NeuroPace '073 patent.

28. The Accused Systems share the feature that they each comprise a signal processor, configured to estimate the neural state of a component of the sympathetic nervous system, said neural state (relating to whether the patient is about to have a seizure) is representative of affect, in electronic communication with said signal conditioning circuit, including without limitation ECoG signal patterns, and associated nervous system state indicative of the onset of a seizure, e.g., the Digital Processing and Analysis block as shown in Exhibit C, the NeuroPace '285 patent, and the NeuroPace '073 patent.

///

///

///

29.     The Accused Systems share the feature that they each comprise a control circuit in electronic communication with said signal processor and configured to generate a signal to modulate affect, including without limitation signals that modulate affect by reducing the effect of epileptic seizures, e.g., the above-described Microprocessor block as shown in Exhibit C, the NeuroPace '285 patent, and the NeuroPace '073 patent.

30.     The Accused Systems share the feature that they each comprise an output stage circuit in electronic communication with said control circuit, e.g., the above-described stimulation subsystem 424 and/or therapy subsystem 328 as shown in the NeuroPace '285 patent and the NeuroPace '073 patent.

31.     The Accused Systems share the feature that they each comprise a stimulating electrode array, configured to interface with a component of the sympathetic nervous system, in electronic communication with said output stage circuit, e.g., the above-described lead electrodes as shown in Exhibit C, the NeuroPace '285 patent, and the NeuroPace '073 patent, which interface with brain structures comprising sympathetic nervous system components as understood in accordance with the '880 patent, e.g., at 4:34–38.

32.     Defendant has committed the above alleged acts of infringement during the term of the '880 patent and continues to do so.

33.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to no less than a reasonable royalty for the use made by Defendant under the '880 patent, in an amount subject to proof at trial, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DiLorenzo BioMedical, LLC requests an entry of judgment in its favor and against Defendant as follows:

1. Declaring that Defendant has infringed one or more claims of United States Patent Nos. 7,209,787 and 9,345,880;
2. Awarding to Plaintiff the damages arising out of said infringement;
3. Awarding attorneys' fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law, against Defendant;

4. Awarding costs in this action to Plaintiff; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**CYPRESS LLP**

Date: June 9, 2025          By:  */s/ Robert Muller*
                                  Robert Muller
                                  Daniel A. Corren

**LISTON ABRAMSON LLP**

Ronald Abramson (*Pro Hac Vice* pending)
David G. Liston (*Pro Hac Vice* pending)
Alex G. Patchen (*Pro Hac Vice* pending)
Gina K. Kim (*Pro Hac Vice* pending)

Attorneys for Plaintiff
DILORENZO BIOMEDICAL, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues.

**CYPRESS LLP**

Date: June 9, 2025            By:     /s/ Robert Muller
                                      Robert Muller
                                      Daniel A. Corren

**LISTON ABRAMSON LLP**

Ronald Abramson (*Pro Hac Vice* pending)
David G. Liston (*Pro Hac Vice* pending)
Alex G. Patchen (*Pro Hac Vice* pending)
Gina K. Kim (*Pro Hac Vice* pending)

Attorneys for Plaintiff
DILORENZO BIOMEDICAL, LLC