Lena N. Bacani (SBN 213556)
lena.bacani@lozaip.com
LOZA & LOZA, LLP
305 N. Second Ave., Ste. 127
Upland, CA 91786
Telephone: (877) 406-5164
Facsimile: (213) 394-3625

Attorneys for Defendant
NEUROPACE, INC.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DILORENZO BIOMEDICAL, LLC, a Washington limited liability company, | Case No. 3:25-cv-04866-SK |
| Plaintiff, | **NEUROPACE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| NEUROPACE, INC., a California corporation, | |
| Defendant. | JURY TRIAL DEMANDED |
| NEUROPACE, INC., | |
| Counterclaimant, | |
| v. | |
| DILORENZO BIOMEDICAL, LLC, | |
| Counter-Defendant | |

1

NEUROPACE'S ANSWER AND COUNTERCLAIMS

Defendant NeuroPace, Inc. ("Defendant"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiff DiLorenzo Biomedical, LLC ("Plaintiff") as follows:

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendant denies each and every allegation of the Complaint that is not expressly admitted herein.

## INTRODUCTION

1. Defendant admits that Plaintiff alleges claims of patent infringement in its Complaint but denies that any of NeuroPace's products or systems (collectively, "Accused Products") infringe, or have ever infringed, any claim of the patents-in-suit. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and, on that basis, denies them.

## THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

3. Admit.

## JURISDICTION

4. Defendant admits this Court has subject matter jurisdiction over this action.

5. Defendant admits this Court has personal jurisdiction over Defendant because Defendant resides in this District. Defendant denies that it has infringed any claim of Plaintiff's patents and denies all other allegations of this paragraph.

6. Defendant admits that it is registered to do business in California, has employees in California, and sells the Accused Products in this District. Defendant denies all other allegations of this paragraph.

7. Defendant admits that venue is proper in this District because Defendant resides here. Defendant denies that it has infringed any claim of the patents-in-suit and all other allegations of this paragraph.

## DIVISIONAL ASSIGNMENT

8. Defendant admits the case may be assigned to the San Jose Division because Defendant resides in Santa Clara County, California. Defendant denies that it has infringed any claim of the patents-in-suit and all other allegations of this paragraph.

## PATENTS-IN-SUIT

9. Defendant admits the action concerns U.S. Pat. Nos. 7,209,787 ("the '787 patent") and 9,345,880 ("the '880 patent"), (collectively "Asserted Patents" or "Patents-in-Suit").

10. Defendant admits the '787 Patent expired on December 28, 2019 but denies that it was legally issued and all other allegations of this paragraph.

11. Defendant admits the '880 Patent is set to expire March 5, 2026 but denies that it was legally issued and all other allegations of this paragraph.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and, on that basis, denies them.

13. Denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and, on that basis, denies them.

## FIRST CLAIM FOR RELIEF
(Patent Infringement – '787 Pat)

15. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

16. Denied.

17. Defendant admits that it sells the Accused Products but denies that they infringe any claim of the Asserted Patents and all other allegations of this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## SECOND CLAIM FOR RELIEF

(Patent Infringement – '880 Pat)

23. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

24. Denied.

25. Defendant admits that it sells the Accused Products but denies all other allegations of this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## PRAYER FOR RELIEF

Defendant denies that it has infringed any claim of the Asserted Patents and denies Plaintiff is entitled to the requested relief or any relief whatsoever. To the extent a further response to Plaintiff's request is necessary, Defendant denies each and every allegation set forth in Plaintiff's prayer for relief.

## **AFFIRMATIVE DEFENSES**

In further response to the Complaint, Defendant asserts the following affirmative defenses, without admitting any liability or assuming the burden of proof as to any issue, claim or defense for which Plaintiff bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

(Inequitable Conduct)

For reasons detailed in Defendant's Counterclaims, Plaintiff's Asserted Patents are unenforceable due to Plaintiff's inequitable conduct on the U.S. patent office.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity)

Plaintiff's claims are barred, in whole or in part, because the claims of the Asserted Patents are invalid for failing to comply with the requirements of 35 U.S.C. § 101, *et seq.,* including without limitation, sections 102, 103, 112, 116 and 132.

## THIRD AFFIRMATIVE DEFENSE

(No Willful Infringement)

Defendant has not willfully infringed any claim of the Asserted Patents, either directly or indirectly. Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from obtaining enhanced damages or proving this is an exceptional case justifying its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## FOURTH AFFIRMATIVE DEFENSE

(Limitation on Damages)

Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. §§286-287.

## FIFTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

Plaintiff's claims are barred in whole or part by prosecution history estoppel. Plaintiff may not construe the claims of the Asserted Patents in order to recapture

scope surrendered during prosecution of the applications resulting in the Asserted Patents or any related applications upon which the Asserted Patents claim priority.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

(Acquiescence, Waiver and Estoppel)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of acquiescence, waiver and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

(Implied License)

Plaintiff's claims are barred to the extent they have been exhausted and/or released by licenses or releases, implied or express.

### DEFENDANT'S COUNTERCLAIMS

Defendant and Counterclaimant NeuroPace, Inc. ("NeuroPace"), by and through its undersigned attorneys, hereby asserts the following counterclaims against DiLorenzo Biomedical, LLC ("DiLorenzo") as follows:

### NATURE OF THE CASE

1. NeuroPace counterclaims against DiLorenzo pursuant to the Patent Laws of the United States, Title 35 of the United States Code, seeking declaratory judgments of invalidity and non-infringement of U.S. Patent Nos. 7,209,787 ("the '787 Patent") and 9,345,880 ("the '880 Patent"), (collectively "Asserted Patents"). In addition, Neuropace seeks judgment that the Asserted Patents are unenforceable due to DiLorenzo's inequitable conduct before the U.S. Patent and Trademark Office ("USPTO").

## THE PARTIES

2. Counterclaimant NeuroPace is a Delaware corporation with a principal place of business at 455 N. Bernardo Ave., Mountain View, California 94043-5237.

3. Counter-Defendant DiLorenzo is a Washington limited liability company with an address at P.O. Box 1626, Loma Linda, California 92354-1626.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 2201(a), 2202, 1331 and 1338(a), because an actual controversy exists by virtue of DiLorenzo's Complaint for patent infringement.

5. DiLorenzo has submitted to personal jurisdiction in this District by filing its Complaint.

6. Venue is proper in this district over these Counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). DiLorenzo has waived any objection to venue in this Court by filing its Complaint.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '787 Patent)**

7. NeuroPace incorporates by reference the foregoing paragraphs of its counterclaims as if fully set forth herein.

8. DiLorenzo claims to be the owner of the '787 Patent and to have the right to enforce the '787 Patent.

9. The claims of the '787 Patent are invalid for failing to meet one or more conditions of patentability required by Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 102, 103, 112, 116 and 132.

10. For example, and without limitation, the claims of the '787 Patent are rendered obvious in view of prior art, including U.S. Patent Nos. 3,850,161 (Liss), 6,016,449 (Fischell) and 6,066,163 (John).

11. Absent a declaration of invalidity, DiLorenzo will continue to assert the '787 Patent against NeuroPace's Accused Products and will cause damage to NeuroPace.

12. An actual case or controversy exists between the parties concerning the validity of the '787 Patent by virtue of DiLorenzo's filing of the present action against NeuroPace.

13. Accordingly, NeuroPace seeks a judgment declaring the '787 Patent claims invalid.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '787 Patent)

14. NeuroPace incorporates by reference the foregoing paragraphs of its counterclaims as if fully set forth herein.

15. An actual case or controversy exists between the parties as to whether NeuroPace has infringed the '787 Patent by virtue of DiLorenzo's filing of the present action asserting infringement by NeuroPace of one or more claims of the '787 Patent.

16. NeuroPace has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '787 Patent.

17. As one nonlimiting example, NeuroPace does not infringe claim 1 of the '787 Patent for at least the reason that it does not have "a stimulating and recording unit constructed and arranged to generate said neural modulation signal based upon a neural response sensed by said at least one sensor in response to a previously delivered modulation signal."

18. Absent a declaration of noninfringement, DiLorenzo will continue to assert the '787 Patent against NeuroPace and will cause damage to NeuroPace.

19. Accordingly, NeuroPace seeks a declaratory judgment that it has not infringed any claim of the '787 Patent.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '880 Patent)**

20. NeuroPace incorporates by reference the foregoing paragraphs of its counterclaims as if fully set forth herein.

21. DiLorenzo claims to be the owner of the '880 Patent and to have the right to enforce the '880 Patent.

22. The claims of the '880 Patent are invalid for failing to meet one or more conditions of patentability required by Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 102, 103, 112, 116 and 132.

23. For example, and without limitation, the claims of the '880 Patent are rendered anticipated and/or obvious in view of prior art, including but not limited to U.S. Patent Nos. 6,354,299 (Fischell), 6,708,064 (Rezai) and U.S. 2004/0249416 (Yuen).

24. Absent a declaration of invalidity, DiLorenzo will continue to assert the '880 Patent against NeuroPace's Accused Products and will cause damage to NeuroPace.

25. An actual case or controversy exists between the parties concerning the validity of the '880 Patent by virtue of DiLorenzo's filing of the present action against NeuroPace.

26. Accordingly, NeuroPace seeks a judgment declaring the '880 Patent claims invalid.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '880 Patent)**

27. NeuroPace incorporates by reference the foregoing paragraphs of its Counterclaims as if fully set forth herein.

28. An actual case or controversy exists between the parties as to whether NeuroPace has infringed the '880 Patent by virtue of DiLorenzo's filing of the

present action asserting infringement by NeuroPace of one or more claims of the '880 Patent.

29. NeuroPace has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '880 Patent.

30. As one nonlimiting example, NeuroPace does not infringe claim 59 of the '880 Patent for at least the reason that it lacks a "signal processor, configured to estimate the neural state of a component of the sympathetic nervous system, said neural state is representative of affect, in electronic communication with said signal conditioning circuit." The Accused Products are not FDA-approved for treatment of affective disorders. Moreover, the Accused Products sense EEG signals only through intracranial electrodes placed at or near the thalamus or hippocampus.

31. Absent a declaration of noninfringement, DiLorenzo will continue to assert the '787 Patent against NeuroPace and will cause damage to NeuroPace.

32. Accordingly, NeuroPace seeks a declaratory judgment that it has not infringed any claim of the '880 Patent.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Unenforceability of '880 Patent)**

33. NeuroPace incorporates by reference the foregoing paragraphs of its Counterclaims as if fully set forth herein.

34. The '880 Patent is unenforceable and void due to inequitable conduct that occurred during its prosecution before the USPTO.

35. Individuals associated with the prosecution of U.S. Patent Application No. 11/333,979 ("the '979 Application"), which ultimately issued as the '880 Patent, including at least Daniel John DiLorenzo ("D.J. DiLorenzo"), who himself prosecuted the '979 Application, on which he is the named inventor, violated their duty of candor, good faith, and honesty in dealing with the USPTO by intentionally and deceptively failing to disclose information to the USPTO that was material to patentability of the '880 Patent.

36. Under Title 37, CFR § 1.56, "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [USPTO], which includes the duty to disclose to the [USPTO] all information known to that individual to be material to patentability…"

37. During prosecution of the '979 Application, the patent examiner rejected claims 1-66 under 35 U.S.C. § 103(a) (pre-America Invents Act), as "being unpatentable over Yuen et al (2004/0249416) in view of Rise et al (5,716,377)."

38. On November 6, 2015, D.J. DiLorenzo misrepresented the priority date of the subject claims of the '979 Application in order to remove the prior art references. D.J. DiLorenzo stated that "Applicant respectfully submits that the Yuen et al (2004/0249416) has a filing date of Sep 12, 2003 and a priority date of June 9, 2003, both of which are after the priority date of the present application, which is that of the parent application 09/340,326 (citation omitted), filed 6/25/1999, now patent 6,366,813, which further claims priority to provisional application 60/095,413 (citations omitted), filed on 8/5/1998, all of which claim as inventor Daniel J. DiLorenzo. Since the present application as claimed has a priority date which precedes that cited art of Yuen et al (2004/0249416), applicant respectfully requests that the rejection be withdrawn and that the pending claims be issued."

39. D.J. DiLorenzo knew that the priority date of the subject matter claimed in the '979 Application, which was a continuation-in-part of a string of earlier related applications, was actually January 17, 2006 and not August 5, 1998.

40. Another misrepresentation regarding the applicable priority date was made by D.J. DiLorenzo in an Amendment filed December 7, 2009 in order to remove prior art U.S. Pat. No. 6,708,064 (Rezai), that the examiner had combined with NeuroPace's patent U.S. 6,354,299 (Fischell) to find DiLorenzo's claims obvious under § 103.

41. D.J. DiLorenzo made these misrepresentations with the intent to eliminate prior art that was material to the patentability of the claims of the '880 Patent and to keep the patent examiner from citing additional prior art that was after DiLorenzo's claimed priority date.

42. D.J. DiLorenzo did not perform his duty to disclose all information material to patentability.

43. Accordingly, D.J. DiLorenzo committed inequitable conduct on the USPTO and the '880 Patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, NeuroPace respectfully prays for relief as follows:

A. That Plaintiff's Complaint be dismissed with prejudice and that the relief requested by DiLorenzo and any relief whatsoever in favor of Plaintiff be denied;

B. That this Court find and declare the '787 and '880 Patents invalid;

C. That this Court find and declare that the '787 and '880 Patents are not infringed by NeuroPace and that NeuroPace is not liable as an infringer;

D. That this Court find and declare the '880 Patent unenforceable;

E. That this Court declare this case to be exceptional and award NeuroPace its attorneys' fees and costs;

F. That this Court grant NeuroPace such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, NeuroPace hereby requests a jury trial on all issues so triable.

Dated: September 4, 2025

**LOZA & LOZA, LLP**

By: */s/ Lena Bacani*
    Lena N. Bacani (SBN 213556)

*Attorneys for NeuroPace, Inc.*

NEUROPACE'S ANSWER AND COUNTERCLAIMS